IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Louis A. Foxworth, Jr. and Christopher Foxworth, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. _____ ) |
| Foxworth Mechanical, Inc. d/b/a L&D Mechanical, a Georgia Corporation, Louis Ashley Foxworth, Sr., individually, and Tina Weitzel, individually, | ) JURY TRIAL DEMANDED ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW Plaintiffs, Louis A. Foxworth, Jr. and Christopher Foxworth ("Plaintiffs"), and brings this action against Defendants, Foxworth Mechanical, Inc. d/b/a L&D Mechanical, Louis Ashley Foxworth, Sr. and Tina Weitzel (collectively "Defendants"), under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA") for unpaid overtime compensation.

## PARTIES

1. Plaintiff Louis A. Foxworth, Jr. is a resident of Lamar County, Georgia and is a former employee of Defendants. Plaintiff Louis A. Foxworth, Jr. performed work for Defendants in Lamar County and other counties in Georgia.

2. Plaintiff Christopher Foxworth is a resident of Scott County, Virginia and is a former employee of Defendants. Plaintiff Christopher Foxworth performed work for Defendants in Lamar County and other counties in Georgia.

3. Defendant, Foxworth Mechanical, Inc. d/b/a L&D Mechanical is a Georgia corporation that, among other things, installs HVAC piping in large commercial buildings. Foxworth Mechanical, Inc. d/b/a L&D Mechanical operates and conducts business in, among others, Lamar County, Georgia, and is therefore, within the jurisdiction of this Court.

4. Defendant, Louis Ashley Foxworth, Sr. is an adult resident citizen of Lamar County, Georgia, who owns and operates Foxworth Mechanical, Inc. d/b/a L&D Mechanical and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the business. By virtue of having regularly exercised that authority on behalf of Foxworth Mechanical, Inc. d/b/a L&D Mechanical, Louis Ashley Foxworth, Sr. is an employer as defined by 29 U.S.C. § 201 *et. seq.*

5. Defendant, Tina Weitzel, is an adult resident citizen of Lamar County, Georgia, who owns and operates Foxworth Mechanical, Inc. d/b/a L&D Mechanical and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for his employees; and (c) control the finances and operations of the business. By virtue of having regularly exercised

6.      This action is brought under the FLSA to recover from Defendants unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

7.      Based upon information and belief, at all material times relevant to this action, Defendants were an enterprise covered by the FLSA as defined by 29 U.S.C. §§ 203(r) and 203(s), as it is believed that Defendants had an annual business dollar volume of at least $500,000.00.

8.      Defendants are engaged in interstate commerce and were so engaged during Plaintiffs' employment with Defendants.

9.      Defendants have two or more employees of the enterprise individually engaged in commerce or who otherwise individually meet the traditional test of individual coverage.

10.     Plaintiffs were individually covered by the FLSA as they utilized the instrumentalities of commerce.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1337 and the FLSA.  This Court has authority to grant

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## FACTS

13. Plaintiff Louis A. Foxworth, Jr. was employed by Defendants as a pipe fitter, welder and general laborer from June 2004 through July 2010.

14. Plaintiff Christopher Foxworth was employed by Defendants as a pipe fitter, welder and general laborer on and off from June 2004 through September 2010.

15. Plaintiffs were employees of Defendants.

16. Plaintiffs were paid an hourly rate for work performed for Defendants.

17. Plaintiffs worked more than 40 hours in a workweek for one or more workweeks while employed by Defendants.

18. Defendants paid Plaintiffs straight time, rather than time and a half, for all hours worked by Plaintiffs over 40 in a workweek.

19. Defendants failed to comply with 29 USC §§ 201-209, because Defendants did not compensate Plaintiffs at time and a half their hourly rate for those hours worked by Plaintiffs in excess of 40 within a workweek.

## COUNT ONE
## RECOVERY OF OVERTIME COMPENSATION

20. Plaintiffs reassert and incorporate by reference all allegations contained within the previous paragraphs.

21. During their employment with Defendants, Plaintiffs worked more than forty (40) hours in one or more workweeks while employed by Defendants.

22. Defendants failed to properly compensate Plaintiffs for overtime hours that they worked, in violation of the FLSA.

23. Defendants willfully, intentionally, and/or recklessly failed to properly pay Plaintiffs for their overtime hours during one or more weeks of their employment, in violation of the FLSA.

24. Upon information and belief, Defendants' failure to properly compensate Plaintiffs for their overtime hours worked was willful and/or reckless, as Defendants did not act in good faith or reliance upon any of the following in formulating their pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## DAMAGES AND REQUESTED RELIEF

25. As a result of Defendants' intentional, willful, and reckless failure to lawfully compensate Plaintiffs at time and one half compensation for hours worked

26. As a result of Defendants' intentional, willful, and reckless violation(s) of the FLSA, Plaintiffs are entitled to back wages and liquidated damages from Defendants for all hours worked in excess of 40-hours during one or more workweeks within the past 3 years.

27. Plaintiffs respectfully demand a trial by jury.

WHEREFORE, Plaintiffs demand as follows:

a) payment of their overtime wages at the correct rate pursuant to 29 U.S.C. § 207;

b) an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

c) declaratory relief pursuant to the DJA and FLSA finding that all hours worked over forty in a workweek should be paid time and one-half of an employees' regular rate of pay as long as an employee is not exempt from the FLSA;

d) pre-judgment and post-judgment interest where applicable;

e) reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

f) all other relief that the Court deems just and proper.

Respectfully submitted,

MORGAN & MORGAN, PA

By: s/Jennifer M. Bermel
Jennifer M. Bermel, # 794231
Justin M. Ross
2600 One Commerce Square
Memphis, Tennessee 38103
Tel: (901) 333-1844
Fax: (901) 333-1897
Email: jbermel@forthepeople.com
jross@forthepeople.com

DATED: March 4, 2011